FILED '09 NOV 03 13:37 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW O. STROBEN                           Civ. No. 08-1145-HO

        Plaintiff,                        ORDER

v.

MICHAEL J. ASTRUE,

Commissioner of Social Security,

        Defendant.

Pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), plaintiff seeks review of the January 8, 2008, Administrative Law Judge (ALJ) decision finding plaintiff was not disabled and denying his application for Supplemental Security Income Disability (SSI) benefits. This decision became the Commissioner's final decision on June 6, 2008 when plaintiff's request for review was denied. For the reasons discussed below, the decision of the Commissioner is reversed and remanded for further administrative proceedings.

## Discussion

Plaintiff contends that the ALJ erred in his findings and

requests that plaintiff's case be reversed and remanded for benefits. (#15). Specifically plaintiff alleges that the ALJ improperly rejected (1) the state agency physician's opinion(s) (#15, pp.7-9); (2) the opinions of plaintiff's medical sources (#15, pp.9-11); and (3) plaintiff's testimony and allegations (#15,pp.14-19). Finally plaintiff alleges that the ALJ failed to consider plaintiff's severe and non-severe impairments in combination (#15, p.14). Defendant believes the record contains substantial evidence from which the ALJ and the Commissioner properly concluded that plaintiff was not disabled. (#17). Because both parties agree on the material facts and the case's procedural history, those details will not be repeated here.

The ALJ determined that plaintiff's Hepatitis C was a severe impairment. (Tr.16). He also found that plaintiff's diabetes was a severe impairment. *Id.* However he determined that plaintiff's alleged impairments of diverticulitis, anxiety disorder and attention deficit hyperactivity disorder (ADHD) were not established as medically determinable impairments. (Tr. 16-17).

It is well established that if administrative findings are supported by substantial evidence in the record they are upheld, even if there could be more than one rational interpretation of that evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971), see also *Sprague v. Bowen,* 812 F.2d 1226, 1229-30 (9th Cir. 1987). Substantial evidence means "such relevant evidence as a reasonable

mind would accept as adequate to support a conclusion." *Howard v. Heckler*, 782 F.2d 1484, 1487 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The ALJ here gave clear and convincing reasons for determining that plaintiff's claimed diverticulitis, anxiety disorder and ADHD were not severe impairments. I therefore find there is substantial relevant evidence in the record to adequately support the ALJ's conclusion regarding those alleged impairments. (*See e.g.*, Tr. 193; *see also* *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965)).

The same development of the record is not however found with regard to impairments (especially non-exertional ones), that may result from plaintiff's liver disease and his diabetes. The ALJ found these medical conditions to be individually severe impairments (Tr. 16), but with very little discussion found them not (either singly or in combination), "equal in severity to any listing." (Tr.17). The ALJ in finding plaintiff "not disabled," determined that plaintiff had the residual functional capacity (RFC) to perform a full range of sedentary work (Tr.17), as well as the mental demands of his former work as a technical support worker. (Tr. 21). For these reasons the ALJ did not elicit the testimony of a vocational expert.

The ALJ did note plaintiff's liver biopsy results, the reports of various physician assistants, Dr Burton's report, Dr. Baculi's assessment, plaintiff's complaints of generalized body aches, as well as plaintiff's year-long Interferon treatment for

his hepatitis. (Tr. 15-18, 20). However, despite this the ALJ did not sufficiently develop the record with regard to whether or not plaintiff experienced any resulting discrete or limited periods of disability (particularly given plaintiff's year-long Interferon therapy), or whether plaintiff's severe impairments were properly considered in combination when the ALJ determined that plaintiff was nonetheless able to perform the mental work-related demands of his former work. (Tr.21).

Furthermore, despite plaintiff's history of alcoholism and the adverse effect alcohol consumption would have on both plaintiff's liver disease and diabetes, the ALJ did not make findings or elicit any medical opinions to address Dr. Thomas' report which indicates that in 2005, plaintiff was not only poorly compliant with his medical care but was also drinking a "significant amount of alcohol" and she "again recommended cutting down on his [plaintiff's] alcohol consumption." (Tr. 211). Nor was Dr. Burton's opinion that plaintiff may be suffering from "mild hepatic encephalopathy" (Tr. 229), sufficiently developed with regard to whether or how this does (or does not) affect plaintiff's ability to meet the mental demands of his previous work. Dr. Baculi's opinion regarding plaintiff's functional capacities is also summarily dismissed without the ALJ seeking to enlarge the record before him. (Tr. 20).

In social security cases, the ALJ has a duty to fully and fairly develop the record. *Widmark v. Barnhard*, 454 F.3d 1063,

1068 (9th Cir. 2006); see also *Higbee v. Sullivan,* 975 F.2d 558, 561 (9th Cir. 1992)(long recognized that the ALJ is not a mere umpire at an administrative hearing but has an independent duty to fully develop the record). This duty is triggered *inter alia* when the record is inadequate to allow proper evaluation of the evidence. *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001).

The ALJ also has a well established duty to resolve conflicts in the medical record. *Benton v. Barnhard,* 331 F.3d 1030, 1040 (9th Cir. 2003). So, an ALJ may reject a treating physician's medical opinion based on clear and convincing reasons which are supported by substantial evidence in the record. *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995); 20 C.F.R. §§404.1527(d), 416.927(d).

With these duties in mind, the ALJ on remand should fully and fairly develop this record including (but not limited to): re-contacting treating sources (especially where their treatment records are missing), or other experts as necessary to assist the ALJ in deciding how (if at all), ongoing alcohol consumption affects plaintiff's medical conditions, to what extent any disabling condition is alcohol-related; to what extent (if at all) plaintiff's mental abilities are affected by his liver disease and how (if at all) plaintiff's ability to work was affected by his year-long Interferon treatment.

In fully developing the record, the ALJ should also make substantive inquiry into the activities he found plaintiff

performing that were inconsistent with plaintiff's expressed degree of disability and elicit further testimony from plaintiff regarding any justification plaintiff may have for his persistent non-compliance with the medical directives of his treating physicians.

## Conclusion

For the reasons stated above, the Commissioner's final decision is REVERSED. Because there are outstanding issues that must be more fully developed before a determination of disability may be made, this matter is REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 3rd day of November, 2009.

Michael C. Hogan
United States District Judge